## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIE J. SIMKINS,

        Plaintiff,

vs.                                            Case No. 01-3280-KHV

L.E. BRUCE, et.al.,

        Defendants.

### ORDER FOR AND NOTICE OF SETTLEMENT CONFERENCE

Pursuant to Fed. R. Civ. P. 16(a)(5) and D. Kan. Rule 16.3, please take notice that a settlement conference will be conducted in this case by U.S. Magistrate Judge K. Gary Sebelius on **October 6, 2005, at 9:30 a.m.**, in the U.S. Courthouse, Courtroom 470, 420 Federal Building, 444 S.E. Quincy Street, Topeka, Kansas.

The basic purpose of this settlement conference--and the basic purpose of all of the specific requirements set forth below--is to promote informal, candid, and ultimately productive discussions among the parties and their representatives, lead trial counsel, and the settlement conference judge. Every aspect of the litigation bearing on its settlement value will be considered, in order that the settlement judge may privately express his views concerning the actual dollar settlement value or other reasonable disposition of the case, bearing in mind that the settlement judge will _not_ try the case if the parties should be unable to reach a settlement.

As with trial, it is essential that everyone involved be fully prepared for the settlement conference.  Toward that end, by **October 4, 2005**, the parties or the parties' counsel of record shall, if they have not already done so, submit directly to the undersigned magistrate judge (and <u>not</u> to the assigned trial judge), a written settlement conference statement, which shall concisely provide, in summary form, the following information: (1) the general nature and facts of the case; (2) the key factual issues; (3) the key legal issues; (4) a detailed  itemization and explanation of the damages or other relief requested; (5) the most pertinent or compelling evidence that is anticipated to be offered at trial by each side; (6) an evaluation of the probability of success of trial (e.g., 40%, 65%, etc.) on each of the key factual and legal issues; (7) the projected attorney work hours, attorneys' fees, and out-of-pocket expense for each side to take the case to trial and, if successful at trial, to defend any appeal brought by an adverse party; (8) the estimated length of time associated with proceeding to trial and dealing with any appeals; (9) a  recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; and (10) perhaps most importantly, a detailed explanation of why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied.  The parties' written settlement statements shall not exceed seven (7) pages, and shall not be filed.  The statements may but need not be served on opposing counsel.

These pre-conference settlement statements preferably should be submitted to Judge Sebelius as an attachment to an Internet e-mail sent to

_ksd_sebelius_chambers@ksd.uscourts.gov_.    Alternatively, the statements may be faxed to Judge Sebelius's chambers, at (785) 295-2809.

The court is mindful and respectful of retained counsel's proper role as a zealous advocate for the legitimate interests of his or her client.   Nevertheless, as a practical matter, the pre-conference written statements will only be useful to the settlement judge (and conducive to the mediation process) if they are realistic and objective about the weaknesses and strengths in each party's case.   That is, please bear in mind that neither the settlement conference statements nor communications during the settlement conference can be used by any party during the trial of the case. _See_ Fed. R. Evid. 408.

The above-described settlement statements shall contain a notation thereon that copies have been provided to the client and any aligned nonparty who has a direct financial stake in the outcome of the case, e.g., the defendant's liability insurance carrier(s), if applicable.   Further, the statements shall provide the name, address, telephone number, and employer and job title (if applicable), of the representatives who will attend the conference.

If there are nonparties who have an interest in the outcome of this case, including but not limited to, primary and any excess liability insurance carriers, subrogees, or lienholders, the court hereby orders that the parties' lead trial counsel of record immediately provide written notice to all such nonparties of the time, date, and place of the settlement conference, and inform them that their physical presence is required by the court at the conference. Counsel of record also shall furnish each such interested nonparty a copy of this order.

Counsel of record shall promptly inform the court in the event that such a nonparty indicates an intent not to appear in person as required by this order.

In addition to lead trial counsel being present at the settlement conference, a person with "actual settlement authority" for each party likewise must be present in person. The person with actual settlement authority shall be adequately familiarized with the case so as to enable him or her to negotiate about the case in good faith.

A person with <u>limited</u> settlement authority does <u>not</u> meet the requirement of this order. Trial counsel rarely satisfies the requirement of a person with actual settlement authority. For the plaintiff, a person with actual authority requires a representative with the final authority to authorize dismissal of the case, with prejudice, or to accept a settlement amount recommended by the mediator down to the defendant's last offer, in the representative's discretion. For the defendant, such a representative must have final settlement authority to commit the defendant or its liability insurance carrier(s) to pay a settlement amount recommended by the mediator up to the plaintiff's prayer or up to the plaintiff's last demand, whichever is lower, in the representative's discretion, without having to call for additional authority. The purpose of these requirements is to have a representative present for each party who can settle the case during the course of the conference without consulting a superior.

If the defendant has liability insurance, consistent with the insurer's contractual and legal duty to exercise reasonable care and good faith in attempting to settle claims against its insured, the court expects a representative of the insurance company to be present at the settlement conference who has actual settlement authority for the lesser of policy limits or

the plaintiff's most recent demand.   For example, if the plaintiff's most recent demand is $350,000 and the defendant has $500,000 of liability coverage, it is <u>not</u> acceptable for a representative of the insurance company to attend the conference who only has $50,000 of settlement authority, regardless of whether another, more senior employee of the insurer supposedly will be available by telephone during the conference.   The court wants and expects the insurer's decision maker -- i.e., the individual with the insurance company who assesses the value of the claim -- to be present and to hear all that is said that might bear on the settlement value of the case, so that additional money can be offered to settle the case if discussions reveal that doing so is warranted.   The court is not, of course, dictating that the defendant in fact pay a particular amount to settle a case, just as the court would not dictate that the plaintiff agree to accept any particular amount.   What the court, however, is requiring is that the decision makers on both sides of the case be present and be able to make quick decisions about what to pay or take to settle the case.

Only the undersigned judge may excuse the presence of the person with "actual settlement authority" from attending the settlement conference in person.   Any request for permission <u>not</u> to appear, or to participate by telephone, shall be requested in writing no later than 11 days before the settlement conference begins.   Such requests, however, are highly disfavored and seldom will be granted.

Prior to the settlement conference, the court encourages and expects that lead trial counsel will have discussed settlement in detail with their respective clients.   Further, prior

to the conference, the parties should have had conducted serious settlement discussions, either directly or through counsel.

Counsel of record shall bring to the conference all portions of their files that would be helpful to the settlement judge or the parties during the course of the conference. This includes, but is not necessarily limited to, such things as key pleadings and correspondence, the key exhibits expected to be used at trial, damage calculations, experts' reports, settlement brochures, photographs, etc.

The settlement judge will begin the conference by meeting in the courtroom with all the attendees. The settlement judge will make some initial comments. Counsel should then be prepared to give a brief 5-10 minute summary of their case. The summary should be as objective as possible. Counsel should resist making statements which are likely to polarize the parties. The settlement judge then typically will break and talk privately with the parties and their representatives.

The court tentatively has allotted four hours for the settlement conference in this particular case. The conference, however, will continue on the date noticed until the court determines that there is nothing further to be gained by continuing. There will be no specific break in the conference for meals.

The requirements of this order have been imposed to make certain, to the extent possible, that possible avenues of settlement are reasonably explored before the settlement conference begins. The court intends to minimize the risk that the valuable time, money, and resources of anyone involved in the mediation process is wasted unnecessarily.

Any material noncompliance with the requirements of this order may result in the imposition of sanctions against the responsible    party, attorney, or other representative.    Such sanctions may include, but are not limited to,    an award of attorneys' fees or travel expenses, or both.    If counsel or the parties have any questions about this order, they may contact the Judge Sebelius's law clerk, Sara Falls, at (785) 295-2709.

Copies of this order shall be sent to all counsel of record and any unrepresented parties of record who are not in default.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2005 at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge